[Cite as *Holmes v. Dickey*, 2026-Ohio-2982.]

## IN THE COURT OF APPEALS OF OHIO
### ELEVENTH APPELLATE DISTRICT
### LAKE COUNTY

| | |
|---|---|
| GEORGE HOLMES, | CASE NO. 2026-L-0048 |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| SUSAN R. DICKEY, | |
| Defendant-Appellee. | Trial Court No. 2025 CV 000716 |

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: August 3, 2026
Judgment: Appeal dismissed

*Thomas B. Bralliar, Jr.*, Thomas B. Bralliar, Jr. Co., L.P.A., P.O. Box 349, Willoughby, OH 44096 (For Plaintiff-Appellant).

*Victor T. Dimarco*, Weston Hurd, L.L.P., 1300 East 9th Street, Suite 1400, Cleveland, OH 44114 (For Defendant-Appellee).

ROBERT J. PATTON, J.

{¶1}   Plaintiff-Appellant, George Holmes, appeals from the Lake County Court of Common Pleas' entry denying his motion to strike documents attached to the motion to compel and ordering him to execute an authorization for the release of medical records.

{¶2}   Appellant filed a complaint for declaratory judgment and replevin against defendant-appellee, Susan R. Dickey.  The lawsuit involves real estate along with a list of personal property that includes several firearms.  Dickey requested the trial court issue an order compelling Holmes to execute a medical authorization to obtain his records from a hospital where he allegedly received care following a 2014 suicide attempt and where

he purportedly made statements that he gave up firearms that he owned. Holmes opposed the motion claiming Dickey's motion is an unwarranted invasion of his privacy.

{¶3} In an April 8, 2026 entry, the trial court found that the hospital records may be relevant as to whether Holmes was the owner of the firearms at the time of the alleged conversion. The court stated that it would conduct an in camera review of the records for any statements Holmes made regarding ownership of the firearms. The court further ordered Holmes to execute an authorization for the release of all medical records for the court's review from his treatment at Windsor Laurelwood between June 1, 2013 and June 30, 2015. Holmes appealed that entry. Dickey filed a motion to dismiss this appeal for lack of a final appealable order.

{¶4} Since this court may only entertain those appeals from final judgments, we must determine whether there is a final appealable order. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). Appellate courts are limited to reviewing only "final orders" of inferior courts. Ohio Const., art. IV, § 3(B)(2); *Radic v. Sternadel,* 2025-Ohio-4527, ¶ 2 (11th Dist.). If a lower court's judgment is not final, then this court does not have jurisdiction to review the case, and the case must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶5} R.C. 2505.02(B) defines a final order as one of the following:

{¶6} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶7} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶8} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶9} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶10} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶11} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶12} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶13} "(6) An order determining the constitutionality of any changes to the Revised Code . . . ;

{¶14} "(7) An order in an appropriation proceeding . . . ."

{¶15} For Holmes to prevail, he must establish that the trial court entry directing him to submit his records for an in camera inspection constitutes an "order that affects a substantial right." Holmes must demonstrate that in the absence of immediate review of the order he will be denied effective relief in the future.

{¶16} The Supreme Court of Ohio has held that an entry ordering a party to submit privileged documents to the trial court for an in camera inspection does not affect a substantial right, but an order actually compelling production of those documents does affect a substantial right. *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60 (1993). In the first instance, there is only the potential that a future order may affect a right, while in the latter, a release would itself destroy the right, so vindication in a later appeal would not unring

Case No. 2026-L-0048

the proverbial bell and rectify the damage suffered. *State v. Cunningham*, 2021-Ohio-4051, ¶ 6 (11th Dist.).

{¶17} In the present case, it would only be after an in camera review and a trial court order compelling disclosure that the substantial rights of appellant would be implicated. If the trial court determines that the requested information is privileged, any issues which may have been the subject of an appeal would be rendered moot. Conversely, if some documents are determined to be subject to disclosure, an appeal on narrowed issues would be available. At this juncture, no production of privileged material to an opposing party has been compelled. Thus, the action of a trial court directing appellant to submit the requested materials to an in camera review so that the court may determine their discoverable nature is not a final appealable order pursuant to R.C. 2505.02. Holmes must wait until the trial court has ordered him to produce presumptively privileged material to the opposing party before he may appeal.

{¶18} Based upon the foregoing analysis, Dickey's motion to dismiss the appeal is granted. This appeal is hereby dismissed for lack of a final appealable order.

MATT LYNCH, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2026-L-0048

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that Dickey's motion to dismiss the appeal is GRANTED. This appeal is hereby dismissed for lack of a final appealable order.

Costs to be taxed against appellant.

_____
JUDGE ROBERT J. PATTON


_____
PRESIDING JUDGE MATT LYNCH,
concurs


_____
JUDGE JOHN J. EKLUND,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2026-L-0048